IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ISAIAS RODRIGUEZ-RAMIREZ,<br><br>Defendant. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:11-cr-944 |

Defendants Jose Uriel Ceja-Rodriguez and Isaias Rodriguez-Ramirez have requested the court to hold an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), to determine the validity of a search warrant. (Dkt. No. 98.) For the reasons stated below, the court GRANTS their request.

BACKGROUND[1]

On October 26, 2011, a confidential source (CS) told police officers that he had arranged to purchase four ounces of methamphetamine from a person known as "Chalmes." Because the CS was equipped with a listening device, the police were able to hear Chalmes tell the CS that Chalmes was meeting with some other people at a residence in Magna, Utah. Chalmes also said that his source in Magna was bringing two pounds of methamphetamine from California.

---

[1] These facts are taken from the United States' response to Defendants' motion (Dkt. No. 118) and are not findings by the court. In its analysis, the court will summarize Defendants' arguments about why some of these facts may be misleading.

Chalmes arranged to have the four ounces delivered at a Smiths parking lot in Magna. A short time later, a man driving a Nissan Altima arrived at the parking lot and met Chalmes. Chalmes then entered the CS's car and the two left the Smiths parking lot. They were later stopped by the police, who recovered four ounces of methamphetamine during a consent search.

The police also followed the driver of the Nissan Altima, who left the parking lot and traveled to a house in Magna. The police obtained a search warrant for the car and the house and were able to enter the house using a battering ram. Once inside, the officers discovered that Mr. Ceja-Rodriguez and Anthony Nathaniel Perez were trying to leave the house through a sliding glass door. The officers also found five pounds of methamphetamine and other drug-related paraphernalia.

## ANALYSIS

The Fourth Amendment to the United States Constitution requires a showing of probable cause, supported by oath or affirmation, before a warrant may be issued. U.S. Const. Amend IV; *United States v. Danhauer*, 229 F.3d 1002 (10th Cir. 2000). Because the warrant and its underlying affidavit play such a central role to a person's Fourth Amendment rights, a defendant may challenge the validity of a warrant. In *Franks v. Delaware*, the Supreme Court held that, in certain circumstances, a defendant is entitled to an evidentiary hearing to determine whether the warrant was issued in reliance on a deliberate or recklessly false statement in an affidavit. To merit a *Franks* hearing, the defendant must make a substantial preliminary showing that there is evidence that an affiant intentionally or with reckless disregard for the truth omitted material information from, or included false information in, the affidavit. *Franks*, 438 U.S. at 171-72; *see also United States v. Tisdale*, 248 F.3d 964, 973 (10th Cir. 2001). The defendant's contentions

"must be more than conclusory and must be supported by more than a mere desire to cross-examine." *Franks*, 438 U.S. at 171.

The Defendants argue that there were a number of misrepresentations in the affidavit that were sufficient to meet this preliminary showing. First, the Defendants point to language in the affidavit that states: "A short time later, a Tan Nissan Altima . . . pulled up to Chalmes and the confidential source." (Def.'s Mem. in Supp., Ex. 2, Dkt. No. 112.) The Defendants believe that Chalmes was alone when he got into the Altima and that it was a few minutes later that he got into the CS's car. The Defendants assert that the language in the affidavit misled the magistrate judge who issued the warrant because it would have caused to believe that the confidential source was a witness to the drug transaction.

Second, the Defendants claim that the officers failed to disclose three drug trafficking incidents that involved the CS, including an incident with Salt Lake City Police that occurred earlier on October 26, 2011, when officers found cocaine in the CS's car. The CS was not charged with a crime in connection with that encounter, and the Defendants argue that the magistrate judge should have been made aware that the CS might have a motivation to fabricate information helpful to the United States.

Third, the Defendants assert that the affiant failed to disclose the fact that officers ran the Utah license plate of the Nissan Altima before obtaining the search warrant. The license check revealed that the owner of the car did not reside at the house in Magna that was the subject of the warrant.

Finally, the Defendants point out an error in the affidavit. The affidavit states: "Affiant has watched the listed premises and it appears that the occupants are selling controlled

substances at night. Afiant, through controlled purchases, has purchased narcotics from the listed suspect(s) at night." The United States admits that these statements were inaccurate and that they were "inadvertently not completely modified from a former affidavit that was used for formatting the affidavit in the present case." (Mem. in Opp'n, at 4, Dkt. No. 118.) The United States argues that these inaccurate statements do not necessitate an evidentiary hearing on the matter because the affidavit contains sufficient accurate statements of fact to support the issuance of a warrant:

> [E]ven if a defendant makes a substantial preliminary showing that the affiant, either knowingly or recklessly, made false statements in his affidavit, a hearing need not be held if, after setting aside the material which is subject to the charge of falsity, "there remains sufficient content in the warrant affidavit to support a finding of probable cause."

*United States v. Barrera*, 843 F.2d 1576, 1580 (10th Cir. 1988) (quoting *Franks*, 438 U.S. at 172).

The court is not convinced by the United States' argument. The erroneous statements concerning the affiant's surveillance of the house in Magna are sufficiently material to justify an evidentiary hearing on the validity of the warrant. While the threshold for holding a *Franks* hearing is a high one, the court finds that the affiant's failure to remove this key information could constitute a reckless disregard for the truthfulness of the affidavit. The Defendants may also be able to establish that the affiant omitted information about the CS, the meeting with Chalmes, or the results of the license plate check, and that this omission was committed either deliberately or recklessly. Taken together, this evidence may establish that the search warrant was not supported by probable cause and that the search of the house in Magna was conducted in violation of the Defendants' Fourth Amendment rights.

ORDER

For the reasons discussed above, the court ORDERS that a *Franks* hearing take place on December 4, 2012, at 3:00 p.m.

SO ORDERED this 7th day of November, 2012.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge